**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: Nikka Tamar May<br>xxx-xx-8613<br>5225 W. Clarkson Avenue<br>Philadelphia PA 19144<br><br>Debtor | : **CHAPTER 13**<br>: **NO. 20-10394-AMC**<br>:<br>: **HEARING DATE: 3/31/2020**<br>: **TIME: 11:00 A.M.**<br>: **LOCATION: COURT ROOM No. 4**<br>: **United States Bankruptcy Ct.**<br>: **900 Market St., 2nd Floor**<br>: **Philadelphia, PA 19107** |

**MOTION OF CARMEL DEVELOPMENT LLC
FOR AN ORDER GRANTING RELIEF FROM AUTOMATIC
STAY PURSUANT TO 11 U.S.C. §362 WITH RESPECT
TO THE PROPERTY SITUATE AT 5225 WEST CLARKSON
AVENUE, PHILADELPHIA, PENNSYLVANIA**

AND NOW comes the movant, Carmel Development LLC, a Pennsylvania limited liability company, by and through it's counsel, Michael W. Gallagher, Esquire, and does pray this Honorable Court enter an Order granting relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) with respect to property situated at 5225 W. Clarkson Avenue, Philadelphia PA 19144, and in support thereof does say and aver as follows:

**INTRODUCTION**

1. The movant is Carmel Development LLC, a Pennsylvania limited liability company. Movant is the owner of the premises at 5225 West Clarkson Avenue, Philadelphia, Pennsylvania. Said property is residential real estate.

2. The debtor, Nikka Tamar May, is the tenant at the premises at 5225 West Clarkson Avenue pursuant to a residential lease with the movant dated March 24, 2019. A copy of that lease

is attached hereto and marked as Exhibit "A".

3. The movant seeks relief from the automatic stay in order to go forward with an eviction of the debtor from the residential real estate at foreclosure of real estate at 5225 W. Clarkson Avenue, Philadelphia PA 19144.

**STATEMENT OF FACTS**

4. The debtor filed the current Chapter 13 case on January 21, 2020.

5. Prior to that date, the movant had filed an action in eviction, requesting both a money judgment against the debtor and possession of the residential real estate at 5225 W. Clarkson Avenue for violation of the lease agreement. A copy of the Complaint, indexed to docket no. LT-19-07-10-4662, filed July 10, 2019, is attached hereto and marked as Exhibit "B".

6. On or about August 13, 2019 the parties did come to a Judgment by Agreement granting possession to the movant effective as of that date and a monetary judgment, such judgment for possession to be stayed upon the performance by the debtor of the conditions set forth in the agreement, specifically that the debtor pay her future rent by the 5th of each month, and that she pay an additional $650.00 by the 20th day of each month for five months and $474.99 on the sixth month.

7. Said agreement was filed with the Municipal Court of Philadelphia and made a judgment of that court. As a part of said judgment, the movant would be granted possession of the premises

if the debtor failed to make payment or violated any other term of the lease. A copy of the Judgment by Agreement is attached hereto and marked as Exhibit "C".

8. The debtor violated the terms of the agreement. An Affidavit of Breach of Agreement was filed with the Municipal Court on or about January 2, 2020. A copy of the Affidavit is attached hereto and marked as exhibit "D". The debtor did file an Answer to the Affidavit, forcing the scheduling of a hearing before the Municipal Court.

9. The hearing before the Municipal Court was scheduled for January 24, 2020; it was stayed by the filing of the debtor's Petition on January 21st.

10. The debtor has failed to make any further rental payments on the premises but still remains there. The debtor's total pre-petition and post-petition arrears total $9,818.09, of which $1,481.39 are post-petition charges. A ledger showing charges to date is attached hereto and marked as Exhibit "E".

11. Movant believes and therefore avers that the execution and entry of the Judgment by Agreement, separately or together with the execution and filing of the Affidavit of Breach of Agreement fulfill the requirements for an "eviction judgment" as used in paragraph 10 of form B101 (official form 101), mandating that same be reported to the Court on the initial bankruptcy petition.

12. Said information was not reported in the debtor's

petition.

    13. 11 U.S.C. §362(b)(22) states, in relevant part:

(b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay—...

(22) subject to subsection (l), under subsection (a)(3), of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and *with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor;*
(Emphasis added).

    14. As stated above, movant had previously acquired a judgment for possession, albeit one stayed by agreement of the parties pending the good performance by the debtor, which did not occur. Therefore, it is the contention of the movant that the automatic stay does not apply pursuant to 11 U.S.C. §362(b)(22). Further, since the debtor did not indicate on her bankruptcy petition that there was a judgment in eviction against her, the provisions of 11 U.S.C. §362(l) do not apply.

    15. The failure of the debtor to tender monthly payments consistent with the terms of the lease and the Judgment by Agreement result in a lack of adequate protection.

    16. The failure of the debtor to tender monthly payments consistent with the terms of the lease and the Judgment by Agreement have caused and continue to cause a hardship upon the movant.

17. The movant has adequate cause to have the automatic stay terminated so as to permit the movant to complete the physical eviction on the debtor from the premises.

18. Movant specifically requests permission from the Honorable Court to communicate with the debtor to the extent necessary to comply with applicable nonbankruptcy law.

19. Due to debtor's continuing failure to tender post-petition rental payments and the resulting and ever increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(3), and movant should be allowed to immediately enforce and implement the Order granting relief from the automatic stay.

20. In the alternative, should the Court find that the automatic stay does not exist due to the failure of the debtor to properly abide by the requirements of 11 U.S.C. §362(b)(22) and 362(l), the movant has adequate cause for the Court to issue a comfort order, informing the state court that no automatic stay is in place in this matter.

WHEREFORE, the movant prays this Honorable Court enter an Order;

Modifying the automatic stay under 11 U.S.C. §362 with respect to the property at 5225 W. Clarkson Avenue, Philadelphia PA 19144 as to allow the movant to go forward with a physical eviction of the debtor from that property pursuant to the laws of

the Commonwealth of Pennsylvania, including but not limited to holding such hearing or hearings before the Municipal Court as that Court may require; and

That movant be given permission from the Honorable Court to communicate with the debtor to the extent necessary to comply with applicable nonbankruptcy law; and

That Rule 4001(a)(3) be waived, and that the movant be permitted to immediately enforce and implement the Order granting relief from the automatic stay; and

Granting any other relief that the Honorable Court deems equitable and just.

IN THE ALTERNATIVE, should the Honorable Court find that there is no automatic stay in the present case as to the residential real estate due to the failure of the debtor to comply with the terms of 11 U.S.C. §362, the movant prays this Honorable Court enter a comfort order stating that the automatic stay does not apply.

Respectfully submitted,

/s/ Michael W. Gallagher
Michael W. Gallagher, Esquire
401 West Johnson Highway
Suite 4
East Norriton, PA 19401
(484)679-1488
(610)365-7919 Fax
Attorney for Movant